```
                  UNITED STATES DISTRICT COURT
                  EASTERN DISTRICT OF KENTUCKY
                    CENTRAL DIVISION at LEXINGTON
```

UNITED STATES OF AMERICA,            )
                                     )
    Plaintiff,                       )
                                     )       Criminal Case No.
v.                                   )          12-cr-65-JMH
                                     )
NATHANIEL GARNER,                    )
                                     )    **MEMORANDUM OPINION AND ORDER**
    Defendant.                       )

                                  ***

This matter is before the Court upon Defendant Nathaniel Garner's Motion for Reconsideration of Loss Calculation [DE 574], in which he asks the Court to reconsider its December 19, 2014, Memorandum Opinion and Order [DE 558] concluding that $143,076.78 of loss due to the conspiracy is attributable to him. He urges the Court to revise its "reasonable estimate of loss attributable" to him to include only those Western Union transfers in which he participated and bank wire transfers from accounts opened with his assistance, for a total of $48,000.

His attorney adopts and incorporates Garner's pro se brief [DE 566] and, thus, argues that it is inappropriate to hold him accountable for any "average daily losses" resulting from the conspiracy because there is no evidence that Garner participated in the advertisement or other efforts to "sell" vehicles or other items. He urges the Court to conclude that, in light of U.S.S.G. §1B1.3(a)(1)(B), the efforts of others were too remote

1

in time and location from his involvement to render them "reasonably foreseeable acts and omissions of others in furtherance of the jointly undertaken criminal activity. . ." for him.  Garner disagrees with the Court's decision to use a daily average methodology to estimate loss and reach a conclusion as to the amount of loss attributable to him as a member of the conspiracy because he simply does not believe that he should or can be held liable for the acts of others.  Garner insists that he is responsible solely for loss related to the receipt of Western Union transfers in which he, personally, participated, and the bank wire transfers of money to individuals abroad which he conducted himself.

Having considered his argument, the Court is not persuaded that it has erred with respect to its determination of the loss attributable to Nathaniel Garner.  Rather, it appears to the Court that Garner has a fundamental misunderstanding of the law applicable to conspiracies or, at best, fails to appreciate its nuances in this matter.  "'To prove a single conspiracy, the government need only show that each alleged conspirator had knowledge of and agreed to participate in what he knew to be a collective venture directed toward a common goal.'" *United States v. Robinson*, 547 F.3d 632, 642 (6th Cir. 2008) (quoting *United States v. Smith*, 320 F.3d 647, 653 (6th Cir. 2003), vacated and remanded on other grounds, 510 U.S. 1180 (2005)).

2

Further, "'a single conspiracy does not become multiple conspiracies simply because each member of the conspiracy did not know every other member, or because each member did not know of or become involved in all of the activities in furtherance of the conspiracy.'" *Id.* (quoting Warner, 690 F.2d at 549)).

As Garner points out, when it comes to the amount of loss, a participant is only responsible for other conspirators' conduct only if that conduct was reasonably foreseeable to him and in furtherance of the execution of the jointly undertaken criminal activity. U.S.S.G. § 1B1.3, comment. (n. 1) (1989); *United States v. Sims*, 975 F.2d 1225, 1244 (6th Cir. 1992); *United States v. Hodges*, 935 F.2d 766, 774 (6th Cir. 1991). Here, Nathaniel Garner concedes that he participated in the conspiracy, and it is clear that he was every bit as involved as others who were persuaded to help Nicholas Corey Garner collect and then move money from the United States to accounts abroad in the limited time attributable to him. It was reasonably foreseeable to him that others were engaged in similar conduct or taking actions that permitted him and others to gather sums of money from Western Union or MoneyGram transfers money to be sent overseas by him and other co-conspirators.

At its most basic, the money he transferred came from someone, somewhere, and he conceded in his plea agreement that he was involved in a scheme where members would obtain money

3

from individuals for the purchase of a car advertised on-line but which would never be delivered. It is not so important to the Court that Nathaniel Garner might not have known which individuals were posting those advertisements – or even that they were located abroad. He admitted that the money came from transactions prompted by those advertisements, and the evidence shows that he was engaged in receiving and then transmitting some part of that money abroad. The fact that he may not have bothered to find out where the money came from in particular is no defense – the Court will not reward his decision to remain ignorant. Further, the Court has heard evidence from United States Secret Service Special Agent Allen Lowe that, on at least one occasion, Nathaniel Garner was arrested with co-Defendant Nicholas Corey Garner when they were traveling together in a car that belonged to April Abrams and which housed fraudulent identity documents, a large sack of shredded materials, and fraudulent business documents. Nathaniel Garner carried and used fraudulent identity documents bearing the same name that he used to open a bank account for the group. He was with his co-defendant when Nicholas Corey Garner tried to open a bank account. The evidence shows, by a preponderance of the evidence, that Nathaniel Garner knew or should have known that others were receiving money to be transferred and that at least one other person (if not more) was sending money abroad.

4

Nathaniel Garner may not have been a major player in this conspiracy, but the larger set of actions were reasonably foreseeable to him and support the Court's conclusion with respect to the amount of loss attributable to him.

The Court finds no reason to deviate from its earlier decision.  Already, based on the evidence before it, the Court has trimmed away a substantial amount of time for which Nathaniel Garner is responsible for the losses attributable to the conspiracy, notably because he was incarcerated for a lengthy period of the conspiracy.  The Court has given him the benefit of the doubt with respect to the time that he was responsible for losses due to the actions of the conspirators.  This has resulted in a substantial reduction in the loss attributable to him and, thus, his offense calculation level.

Accordingly, **IT IS ORDERED** that Defendant Nathaniel Garner's Motion for Reconsideration of Loss Calculation [DE 574] is **DENIED**.

This the 4th day of February, 2015.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge

5