UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

CRIMINAL ACTION NO. 5:12-CR-65-JMH
CIVIL ACTION NO. 5:17-CV-107-JMH

UNITED STATES OF AMERICA,                                                          PLAINTIFF,

V.       **MAGISTRATE JUDGE'S REPORT
          AND RECOMMENDATION**

NATHANIEL GARNER,                                                                   DEFENDANT.

## INTRODUCTION

Nathaniel Garner, hereinafter "Defendant," a federal prisoner currently incarcerated at the Federal Correctional Institution in Beckley, West Virginia, is presently before this Court upon his *pro se* Motion to Vacate, Set Aside or Correct Sentence, hereinafter "Motion to Vacate," pursuant to 28 U.S.C. § 2255. [R. 825]. Defendant is also before this Court upon his *pro se* Request for an Evidentiary Hearing. [R. 843 at 6]. The matter is now ripe for decision, following the submission of the United States' Response, [R. 838], and Defendant's Reply, [R. 843]. This matter was referred to the undersigned for preparation of a report and recommendation pursuant to 28 U.S.C. § 636(b)(1) by order of the presiding judge, Hon. Joseph R. Hood. [R. 826]. For the reasons set forth below, it is recommended that both Defendant's Motion to Vacate, [R. 825], and Defendant's Request for an Evidentiary Hearing, [R. 843 at 6], be denied.

## FACTUAL BACKGROUND & PROCEDURAL HISTORY

On December 9, 2013, Defendant pled guilty to conspiracy to commit wire fraud under 18 U.S.C. § 1349. [R. 342; *see also* R. 343]. In so doing, Defendant executed a Plea Agreement whereby he waived "the right to appeal the guilty plea, conviction, and sentence, including any order of restitution." [R. 343 at 3]. Defendant also waived the right to collaterally attack his guilty

plea, conviction, and sentence, "[e]xcept for claims of ineffective assistance of counsel." [R. 343 at 3]. On February 20, 2015, Defendant was sentenced to seventy months of imprisonment to be followed by three years of supervised release. [R. 656]. Despite the fact that Defendant waived his right to appeal, Defendant filed an appeal with the Sixth Circuit on February 24, 2015, the same day on which judgment was entered against him. [R. 659]. On June 28, 2016, Defendant's appeal was dismissed by motion of the United States' on the basis of the waiver of his right to appeal. [R. 816]. Likewise, Defendant's Petition for a Writ of Certiorari to the Supreme Court of the United States was denied. [R. 817 (recognizing Defendant's Petition for a Writ of Certiorari); R. 816 (denying Defendant's Petition for a Writ of Certiorari)].

Shortly thereafter, on March 6, 2017, Defendant filed this *pro se* Motion to Vacate, [R. 825], which he supports on two grounds. First, that his attorney, Stephen D. Milner, failed "to understand the ramifications of the plea and waiver" and failed "to explain it to [Defendant] prior to urging him to sign it," thereby prejudicing Defendant in his appeal process. [R. 825-1 at 4–5]. Second, that Defendant's attorney failed "to object to the omission of the relevant conduct element [of conspiracy to commit wire fraud]," including both his active involvement in the conspiracy and the amount of loss Defendant was responsible for; and that Defendant was prejudiced by this alleged failure "in that his [sentencing] guideline range would have been 37–46 months instead of the 70–87 months he faced at sentencing" had his attorney properly objected. [R. 825-1 at 4–5].

On May 17, 2017, the United States filed a Response in Opposition to Defendant's Motion to Vacate, disputing the grounds Defendant cites in favor of his Motion to Vacate. [R. 838]. The United States reminds this Court that "[a]n ineffective-assistance claim can function as a way to escape rules of waiver" and argues Defendant's counsel was not ineffective. [R. 838 at 3 (citing *Harrington v. Richter*, 562 U.S. 86, 105 (2011))]. In support of this position, the United States

2

argues Defendant's counsel fully understood and explained the waiver to Defendant and that "Milner's attempt to raise issues on appeal does not demonstrate otherwise." [R. 838 at 4]. Further, the United States argues Defendant's counsel did attempt to gain Defendant a minimal role reduction due to the nature of Defendant's activities and the loss he was responsible for, but that this Court ultimately found Defendant was not entitled to such a reduction. [R. 838 at 6–9].

By Court Order, Defendant was permitted to submit a Reply to the United States' Response to his Motion to Vacate by or before June 23, 2017. [R. 839]. Defendant did so on June 19, 2017, disputing the United States' claims, largely through arguments duplicative of those in his original Motion to Vacate. [R. 843]. Defendant states "counsel did not state that by signing the plea that [Defendant] was giving up the right to appeal issues that may have come into play down the line." [R. 843 at 3]. And, in any case, "the government and counsel admit that the issues that [Defendant] complains about not being able to appeal were not an issue until after the plea was signed." [R. 843 at 3]. Defendant then argues his counsel failed to object to items improperly included in his sentencing considerations, resulting in an increased sentence; and that this amounted to ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668 (1984). [R. 843 at 4].

In closing, Defendant, citing *Johnson v. United States*, 135 S. Ct. 2551 (2015) and *United States v. McBride*, 826 F.3d 293 (6th Cir. 2016), argues he did not waive "the right to certain issues that were not at issue at the time of the plea," and, as such, he should be permitted some additional form of hearing. [R. 843 at 5 (requesting this Court to consider or hold that Defendant "could not have intentionally waived the right to challenge the issues that arose only after the plea was signed")]. As Defendant has filed his Motion to Vacate with this Court as a *pro se* litigant, this Court construes his request to be one for an Evidentiary Hearing under Rule 8 of the Rules governing Section 2255 Proceedings.

## ANALYSIS OF INEFFECTIVE ASSISTANCE OF COUNSEL CLAIMS

Defendant brings his Motion to Vacate under 28 U.S.C. § 2255. Section 2255(a) provides that a prisoner in custody under a sentence of a United States Court may petition that court to amend his or her sentence upon the grounds that the sentence was imposed in violation of the Constitution or laws of the United States, that the court imposing the sentence lacked jurisdiction to do so, that the sentence is excessive, or that the sentence is otherwise subject to collateral attack. Such a defendant must sustain any allegation by a preponderance of the evidence. *McQueen v. United States*, 58 F. App'x 73, 76 (6th Cir. 2003) ("Defendants seeking to set aside their sentences pursuant to 28 U.S.C. § 2255 have the burden of sustaining their contentions by a preponderance of the evidence."); *see also Pough v. United States*, 442 F.3§d 959, 964 (6th Cir. 2006). If alleging a constitutional error, such a defendant must show the error "had a substantial and injurious effect or influence on the proceedings." *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (citing *Brecht v. Abrahamson*, 507 U.S. 619, 637–38 (1993)). Alternately, if alleging a non-constitutional error, such a defendant must establish "a fundamental defect which inherently results in a complete miscarriage of justice . . . an error so egregious that it amounts to a violation of due process." *Watson*, 165 F.3d at 488 (citing *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990)).

Ineffective assistance of counsel is a constitutional ground on which a sentence may be challenged under Section 2255. *Strickland v. Washington*, 466 U.S. 668 (1984); *see also Weinberger v. United States*, 268 F.3d 346, 351 (6th Cir. 2001). In evaluating such a challenge, the Sixth Circuit applies the two-prong test established in *Strickland*. *Towns v. Smith*, 395 F.3d 251, 258 (6th Cir. 2005); *see also Strickland*, 466 U.S. at 687. Under *Strickland*, a defendant first must show his or her counsel was deficient. "This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth

Amendment." *Strickland*, 466 U.S. at 687. Second, a defendant must show the deficient performance *actually* prejudiced the defense. "This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id. Both* elements must be shown. Thus, not only must the attorney's performance have been deficient, but that specific deficiency must also have been the antecedent without which the Defendant's sentence would not have been imposed. *Id.*

It is true that "[t]he proper measure of attorney performance remains simply reasonableness under prevailing professional norms." *Id.* at 688. Nonetheless, an attorney representing a criminal defendant does have some specific, articulable duties. All attorneys owe their clients a duty of loyalty; a duty to avoid conflicts; a duty to advocate, inform, and consult; and counsel has a duty "to bring to bear such skill and knowledge as will render the trial a reliable adversarial testing process." *Id.* In evaluating an attorney's duties to his or her client and the sufficiency of an attorney's performance of them, however, courts must be highly deferential. "It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence." *Id.*; *see also Engle v. Isaac*, 456 U.S. 107, 133–34 (1982); *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009); *Joshua v. DeWitt*, 341 F.3d 430, 441 (6th Cir. 2009). Indeed, there is a *presumption* of adequate representation. "[O]nly when ignored issues are clearly stronger than those presented, will the presumption of effective assistance of counsel be overcome." *Monzo v. Edwards*, 281 F.3d 568, 579 (6th Cir. 2002) (quotation and citation omitted).

Defendant alleges his trial counsel was ineffective on two grounds. First, for failing to adequately understand and explain Defendant's Plea Agreement, thereby prejudicing Defendant in the sentencing and appeal process. [R. 825-1 at 4–5]. Defendant argues his attorney "failed to comprehend the scope of the waiver and the plea agreement" and "failed to explain the plea and

waiver" to Defendant. [R. 825-1 at 4–5]. Further, that "[a]s a result, [Defendant] was not aware of the fact that the waiver in the plea agreement operated to bar him from seeking review of the issues that were objected to in the Presentencing Report," which Defendant would have sought to except from the waiver but for his attorney's ineffective assistance. [R. 825-1 at 4–5]. By sworn Affidavit, however, Defendant's counsel maintains the opposite. "[The waiver] was explained to [Defendant] and that the United States would not accept a plea to the single count without such a waiver in place." [R. 838-1 at 1]. Further, that counsel fully understood the "agreement barred appellate review," a "fact that was known and explained to Defendant by counsel." [R. 838-1 at 1]. Finally, although unsuccessfully and despite the waiver, Defendant's counsel did appeal matters contained in the Presentence Investigation Report, arguing that issues contained therein "could not have been known until raised at sentencing and denied by the trial court." [R. 838-1 at 2].

Fed. R. Crim. P. 11 permits a criminal defendant to plead guilty. "Before the court accepts a plea of guilty or nolo contendere," however, "the defendant may be placed under oath, and the court must address the defendant personally in open court." Fed. R. Crim. P. 11(b)(1). "During this address, the court must inform the defendant of, and determine that the defendant understands," all of his or her rights in the criminal proceeding, including "the right to be represented by counsel." Fed. R. Crim. P. 11(b)(1)(D). The plea must be voluntary, and the plea must be grounded upon facts. Fed. R. Crim. P. 11(b). A variety of other rules apply to the offer, acceptance, and enforcement of such a plea but a minor variance from the specific requirements of Rule 11 "is harmless error if it does not affect substantial rights." Fed. R. Crim. P. 11(h).

There is no evidence in the record that the specific requirements of Fed. R. Crim. P. 11 were not complied with. [R. 816 ("[T]he transcript of Garner's re-arraignment establishes that the district court complied with Rule 11.")]. To wit, although the record may indicate some potential

reluctance on the part of Defendant to enter his Plea Agreement with the United States, Defendant stipulated that he entered his Plea Agreement knowingly, [R. 409 at 5 ¶6–8]; with assistance of counsel, [R. 409 at 5 ¶ 9–19]; and voluntarily, [R. 409 at 9 ¶ 5–9]. Although Defendant claims his counsel did not adequately understand and explain the Plea Agreement to Defendant, this is not supported by the Record. Even *if*, however, counsel *did not* adequately understand and explain the Plea Agreement to Defendant, this Court and the United States *did*. [R. 409 at 5 ¶ 20–11 ¶ 16].[1] Thus, Defendant could not have been prejudiced by any alleged failure of his attorney to adequately understand and explain the Plea Agreement in this case. Defendant was fully apprised of the meaning and consequences of the Plea Agreement before the Plea Agreement was accepted by this Court. *Sepulveda v. United States*, 69 F. Supp. 2d 633 (D.N.J. 1999) (holding that an adequate Fed. R. Crim. P. 11 colloquy "eliminates any arguable prejudice" in an ineffective assistance of counsel claim with regard to the outcome of a Plea Agreement); *see also United States v. Stephens*, 906 F.2d 251, 253 (6th Cir. 1990); *United States v. Chityal*, 673 F. Supp. 2d 59 (D. Mass. 2009) (finding no prejudice in a wire fraud case where counsel advised the defendant to accept a plea bargain resulting in a higher sentence than that expected by the defendant).

Defendant's second point in support of his argument that his counsel was ineffective is that said counsel failed to "object to the omission of the relevant conduct element" for purposes of sentencing. [R. 825-1 at 8–9]. Defendant argues an accurate role reduction would have reduced his sentencing guideline range from "70–87 months" to "37–46 months." [R. 825-1 at 9]. "Such a difference in guideline exposure due to counsel's deficience (sic) certainly constitutes ineffective

---

[1] After a lengthy discussion and explanation of the detailed terms and provisions of the Plea Agreement, this Court ensured Defendant fully understood the Plea Agreement's finality. [R. 409 at 11 ¶ 10–12 ("Finally, if the sentence is more severe than you expected, you will still be bound by your plea and will have no right to withdraw it.")]. Defendant responded that he not only understood the totality of the Plea Agreement as explained to him by this Court and the United States, but that he also had no questions. [R. 409 at ¶ 12–16].

assistance." [R. 825-1 at 9]. But Defendant's claims are directly contradicted by the record on this point. As the United States notes, Defendant's "counsel *did* argue for a role reduction for [Defendant]." [R. 838 at 6 (emphasis added) (citing R. 661 at 25 ("Mr. Garner should be granted a four (4) level reduction in the offense level calculation due to his minimal role (USSG §3B1.2(a))."))]. And, in fact, counsel for Defendant *did* file objections with this Court throughout the sentencing process. [R. 516 at 2 ("On July 8, 2014 eight (8) objections were filed to the Presentence Investigation Report . . . RANGE 15–21 Months."); R. 749 at 3 ("Your Honor, in the order in which we raised these objections, we believe that Mr. Garner is entitled to a four-level reduction for a minimal role in this matter.")].[2]

This Court sentenced Garner using the United States' Sentencing Guidelines ("Sentencing Guidelines"). [R. 409 at 9–11]; [R. 656 at 2]; *see, e.g.*, U.S. SENTENCING GUIDELINES MANUAL (2014). Prior to doing so, however, this Court made detailed findings with regard to the particular elements giving rise to Defendant's sentence, including that Defendant was involved with the conspiracy for a total of thirty-seven (37) days and "a reasonable estimate of the loss attributable to [Defendant] is $143,076.78." [R. 558 at 40–41; *cf.* R. 656 (sentencing Defendant pursuant to earlier factual findings)]. Following that finding, counsel for Defendant filed a Motion, [R. 574], and a Memorandum in support of that Motion, [R. 575], petitioning this Court to reconsider the

---

[2] Pursuant to his Plea Agreement, Defendant agreed not to "file a motion for a decrease in the offense level based on a mitigating role pursuant to U.S.S.G. § 3B 1.2 or a departure motion pursuant to U.S.S.G. Chapter 5, Parts H or K." [R. 343 at 3 ¶ 7]. Nonetheless, this Court fully considered the matter based upon Defendant's objections, finding Defendant was not entitled to any such reduction:

> I'm going to deny the request for—or overrule the objection to the minimal role. He was opening— he was sending, taking, doing everything here in the United States, including being involved in opening bank accounts I think. So there's more—and maybe businesses. There's more than a minimal—more than—he was—he was a player.

[R. 749 at 29]. Thus, Defendant's claim that his counsel failed to file objections with regard to Defendant's role in the conspiracy and corresponding sentencing guidelines is entirely without merit.

8

level of Defendant's involvement in the conspiracy, arguing this Court's finding was "totally inappropriate." [R. 574 at 2]. Although that Motion was denied, [R. 599], this was not the end of counsel for Defendant's attempts to obtain a more lenient sentence.

Indeed, as noted by the United States, counsel for Defendant continued to vigorously advocate on Defendant's behalf, seeking to lower Defendant's sentence based on a variety of factors. [R. 838 at 6]. Further, Counsel attempted to appeal this Court's judgment against Defendant, not only to the Sixth Circuit, [R. 659; R. 816], but to the Supreme Court as well, [R. 817; R. 816]. Taking this history of vigorous litigation into consideration, it cannot be said that there is evidence that counsel for Defendant was constitutionally deficient. Even if such evidence did exist, however, there is also no evidence such a deficiency would have had any prejudicial effect upon Defendant. And counsel cannot be considered ineffective merely because Defendant did not obtain his desired outcome.

Because "it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable," "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland v. Washington*, 466 U.S. 668, 689 (1984). "[T]hat is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id.* (quoting *Michel v. Louisiana*, 350 U.S. 91, 101 (1955). Defendant has not.

## **ANALYSIS OF REQUEST FOR AN EVIDENTIARY HEARING**

Should Defendant's Motion to Vacate prove unsuccessful at this time, Defendant has alternately requested an Evidentiary Hearing. [R. 843 at 6]. Rule 8 of the Rules Governing Section 2255 Proceedings for the United States District Courts provides that such an evidentiary hearing

9

is permissible if the evaluating court, after an initial review of the record, determines one is necessary. For the reasons outlined below, Defendant's request must be denied.

Defendant cites *Johnson v. United States*, 135 S. Ct. 2551 (2015) and *United States v. McBride*, 826 F.3d 293 (6th Cir. 2016)—precedents that do not apply here—for the proposition that his plea agreement did not waive "the right to certain issues that were not at issue at the time of the plea," and, as such, he should be entitled to an Evidentiary Hearing. [R. 843 at 6]. This argument was already implicitly rebuked by the dismissal of Defendant's appeal at the Sixth Circuit, [R. 816], and the denial of his Petition for a Writ of Certiorari from the Supreme Court, [R. 816]. Nonetheless, Defendant persistently cites *Johnson* and *McBride* as authorities that may provide him some relief through the general proposition that one may only waive legal claims in existence at the time of the waiver. *Compare Johnson*, 135 S. Ct. at 2563 (holding that "imposing an increased sentence under the residual clause of the Armed Career Criminal Act [18 U.S.C. § 924(e)(2)(B)] violates the Constitution's guarantee of due process."); *with McBride*, 826 F.3d 293 ("[A] defendant can abandon only 'known right[s].' McBride could not have intentionally relinquished a claim based on *Johnson*, which was decided after his sentencing.") (citing *United States v. Stines*, 313 F.3d 912, 917–18 (6th Cir. 2002); *United States v. Rogers*, 118 F.3d 466, 471 (6th Cir. 1997)).

Defendant, however, misunderstands the claim he is making and misapplies the law he is citing. Defendant's Plea Agreement, [R. 343], operated as a waiver of his right to appeal all legal claims—other than ineffective assistance of counsel—existing at the time of the execution of the Plea Agreement. All such waived issues, however, were based on legal causes of action and/or points of appeal existing at the time the Plea Agreement was executed. [R. 343]. Defendant is correct in claiming that *Johnson* and *McBride* may stand for the general proposition that when a

new legal claim—one that did not and could not have existed as a matter of law at the time of a waiver—arises following the execution of a waiver, appeal might not be waived as to that particular claim. Here, however, Defendant is not alleging new *legal* claims arose. Rather, Defendant is alleging new *factual* issues arose, which were based on legal claims existing at law at the time of his waiver. These claims are barred by his voluntary and knowing waiver of his right to appeal, because his voluntary and knowing waiver contemplated all such factual allegations as a matter of law. *United States v. Griffin*, 854 F.3d 911 (6th Cir. 2017) ("It is well settled that a defendant in a criminal case may waive any right, even a constitutional right, by means of a plea agreement. A knowing and voluntary waiver of the right to appeal precludes appellate review.") (internal citations omitted); *cf. United States v. Sawyer*, 825 F.3d 287 (6th Cir. 2016); *United States v. Moon*, 808 F.3d 1085 (6th Cir, 2015); *United States v. Winans*, 748 F.3d 268 (6th Cir. 2014).

"When a criminal defendant pleads guilty, 'he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea.'" *United States v. Abdulmutallab*, 739 F.3d 891 (6th Cir. 2014) (quoting *Tollett v. Henderson*, 411 U.S. 258, 267 (1973)). Such a defendant "'may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the standards [for effective assistance of counsel].'" *Id.* As noted throughout this Recommendation, Defendant has failed to establish any basis on which his ineffective assistance of counsel claim might be sustained. To wit, Defendant has failed to articulate even one instance where such a claim might apply. As such, this Court finds nothing entitling Defendant to an evidentiary hearing.

## **CONCLUSION**

Although it is the duty of this Court to review Defendant's *pro se* Motion to Vacate, "however inartfully pleaded" according to "less stringent standards than formal pleadings drafted by lawyers," there is no question that Defendant has failed to state grounds to support his Motion to Vacate. *Haines v. Kerner*, 404 U.S. 519 (1972); *see also Strickland v. Washington*, 466 U.S. 668 (1984). Accordingly, because Defendant cannot meet the requirements necessary to bring a motion to vacate under 28 U.S.C. § 2255, the undersigned recommends that Defendant's Motion to Vacate, [R. 825], be denied; that Defendant's request for an Evidentiary Hearing, [R. 843 at 6], also be denied; and that this action be dismissed with prejudice and stricken from the docket.

Particularized objections to this Report and Recommendation must be filed within fourteen (14) days of the date of service of the same or further appeal is waived. 18 U.S.C. § 636(b)(1); *United States v. Campbell*, 261 F.3d 628, 632 (6th Cir. 2001); *Bituminous Cas. Corp. v. Combs Contracting Inc.*, 236 F. Supp. 2d 737, 749–50 (E.D. Ky. 2002). Generalized objections or objections that require a judge's interpretation are insufficient to preserve the right to appeal. *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004); *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995). A party may file a response to another party's objections within fourteen (14) days after being served with a copy thereof. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b).

Signed September 1, 2017.



Signed By:
Edward B. Atkins  *EBA*
United States Magistrate Judge